UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEANNA SANCHEZ LOZANO, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | NO. EDCV 15-2579-KS <br> <br> <br> MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff, Roseanna Sanchez Lozano ("Plaintiff"), filed a Complaint on December 18, 2015 seeking review of the denial of her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.) On June 20, 2016, the parties filed a Joint Stipulation ("Joint Stip.") in which Plaintiff seeks an order reversing the Commissioner's final decision or remanding the matter for further administrative action. (ECF No. 17, Joint Stip. 18.) The Commissioner requests that the Court uphold the ALJ's decision or, should the Court reverse the decision, remand to the agency for further administrative proceedings. (*Id*.) On January 12 and 15, 2016, the parties consented, pursuant to 28 U.S.C. § 636(c), to

1

proceed before the undersigned United States Magistrate Judge. (ECF Nos. 11-13.) Having reviewed the parties' respective contentions, the Court has taken the matter under submission for decision without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed applications for both DIB and SSI on August 2, 2012 with an alleged onset disability onset date of May 23, 2011. (Administrative Record ("AR") 179.) Plaintiff was 46 years old, which is defined under agency regulations as a "younger individual" (age 18-49), on the alleged onset date. (*Id*. at 22; *see also* 20 CFR § 404.1563, 416.963.)[1] Plaintiff's prior relevant work experience was as an auction driver. (*Id*. at 22.) Plaintiff's claims were initially denied on December 19, 2012 (*id*. at 114) and on reconsideration on August 15, 2013 (*id*. at 123). On September 23, 2013, Plaintiff submitted a written request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 130.) On July 1, 2014, Plaintiff, represented by counsel, appeared and testified before ALJ Marti Kirby. (*Id.* at 29-51.) David Rinehart, a vocational expert ("VE") also appeared and testified at the hearing. (*Id*. at 51-60.) The ALJ issued an adverse decision on July 25, 2014. (*Id*. at 9-23.) On October 21, 2015, the Appeals Council denied Plaintiff's request for review. (*Id.* 1-6.) Plaintiff then filed this timely civil action.

## SUMMARY OF ADMINISTRATIVE DECISION

Applying the five step evaluation process for determining whether a person is disabled as required under 20 CFR §§ 404.1520(a) and 416.920(a), the ALJ first found that Plaintiff had not engaged in substantial gainful activity since May 23,

---

[1] Plaintiff's date of birth is November 20, 1964. (AR 179.)

2011, the alleged onset date. (AR 14.) The ALJ next found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the thoracic spine; degenerative disc disease of the cervical spine; asthma; and obesity, which have more than a minimal effect on Plaintiff's ability to perform basic work functions. (*Id.*) The ALJ noted that Plaintiff also alleged symptoms of numbness in her hands and feet, left leg pain, and right hip pain. (*Id.*) However, the ALJ determined that "[t]here were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment related to any of these allegations." (*Id.* at 15.) The ALJ also noted that Plaintiff had a medically determinable mental impairment of depression but found that the mental impairment did not cause more than minimal limitation in Plaintiff's "ability to perform basic mental work activities," and was, for that reason, nonsevere. (*Id.*)[2]

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (AR 15.) The ALJ noted that while there is no medical listing for obesity, she nonetheless considered the impairment of obesity "using the criterial for musculoskeletal, respiratory, and cardiovascular impairments under Listings 1.00Q, 3.001 and 4.00F" and found Plaintiff's obesity did not result in the severity of symptoms necessary to meet or equal a medical listing. (*Id.* at 16.) The ALJ also found that although the objective medical records indicated Plaintiff had sought treatment for depression between 2012 to 2013, the record

---

[2] With respect to the four functions areas used to evaluate mental disorders, the ALJ concluded that Plaintiff had mild limitation in activities of daily living; mild limitation in social functioning; mild limitation in concentration, persistence or pace; and had no episodes of decompensation. (AR 15.)

revealed "generally unremarkable mental status examination, conservative treatment in the form of medications, and lack of treatment form [sic] a mental health professional." (AR 17.) Plaintiff does not challenge the ALJ's conclusions regarding her mental health impairment.

After considering the entire record, including Plaintiff's testimony and testimony from the VE, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that Plaintiff

> can stand and/or walk up to 6 out of 8-hours in a workday, but no more than 1 hour at a time; she can sit for 6 hours out of an 8-hour workday but with brief position changes after approximately 1-1.5 hours; she can occasionally perform postural activities; she cannot climb ladders, ropes, or scaffolds; she cannot work at unprotected heights, around moving machinery, or other hazards; she cannot perform jobs requiring hypervigilance or intense concentration on a particular task; she can concentrate for up to 2 hour periods at a time; she cannot do fast paced production or assembly line type work; she must avoid concentrated exposure to fumes, odors, gases, or other pulmonary irritants; and she cannot do repetitive or constant pushing and/or pulling with the lower extremities, such as operating foot pedals.

(AR 17.) Based on this RFC, the ALJ concluded that Plaintiff cannot perform her past relevant work as an auction driver. (*Id*. at 22.)

4

After considering Plaintiff's age, education,[3] work experience, and RFC, the ALJ determined that Plaintiff can perform other jobs "that exist in significant numbers in the national economy," including the work of information clerk (DOT 237.367-018); office helper (DOT 239.567-010) and shoe packer (DOT 920.687-166). (AR 23.) The ALJ concluded that Plaintiff did not suffer from a disability from May 23, 2011 through the date of the ALJ's decision. (*Id*.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining

---

[3] Plaintiff testified at the hearing that she only completed 11th grade in high school but had obtained a GDE. (AR 33.)

5

credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## DISPUTED ISSUE

Plaintiff raises a single issue: that the Commissioner's decision should be vacated and remanded for further proceedings because the ALJ failed to properly assess Plaintiff's credibility with regards to her subjective complaints. (Joint Stip. at 4.)

For the reasons discussed below, the Court finds no legal error in the ALJ's decision and concludes the Commissioner's decision must be affirmed.

## DISCUSSION

Although the ALJ found Plaintiff's medically determinable impairments "could reasonably be expected to cause some of the alleged symptoms," she concluded that Plaintiff's "subjective complaints are less than fully credible and the objective medical evidence does not support the alleged severity of symptoms." (AR 22.)

Plaintiff argues that the ALJ's decision is not supported by substantial evidence and the ALJ "failed to properly considered Plaintiff's subjective complaints and failed to render a proper adverse credibility determination." (Joint Stip. at 4-10.) Defendant responds that the ALJ provided sufficiently specific reasons for discounting Plaintiff's credibility, including "multiple, permissible factors to support the negative credibility determination." (*Id.* at 10.) Therefore, Defendant argues, remand for further proceedings is not warranted. (*Id.*) For the reasons discussed below, this Court finds the ALJ provided specific, clear and convincing reasons supported by the record for discounting Plaintiff's credibility.

## I. Legal Standard for Assessing A Disability Claimant's Credibility

It is the ALJ's obligation to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (internal citation omitted). If the ALJ finds no evidence of malingering, and the claimant has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F. 3d 1028, 1036 (9th Cir. 2007) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). The Ninth Circuit, in *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015), recently re-emphasized the "clear and convincing" requirement for finding a claimant's testimony not credible.[4]

---

[4] Defendant concedes in a footnote that the Ninth Circuit has required clear and convincing reasons for rejecting a claimant's testimony, but the agency maintains "this standard is inconsistent with the deferential substantial evidence standard set forth in 42. U.S.C.§ 405(g)" and with the agency's regulations. (Joint Stip. at 11, n.2) The Court does not reach that issue here.

7

Further, the ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). A credibility finding must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (internal citation omitted).

However, as Defendant points out, the governing statute and agency regulations do not permit an award of disability benefits based solely on a claimant's own statements about her symptoms. (Joint Stip. at 10.) Indeed, Congress expressly provided that to be considered under a disability

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged[.]

42 U.S.C. § 423(a)(5)(A); *and see* 20 C.R.R. §§ 404.1529(a), 416.929(a).

**II. The ALJ Provided Sufficiently Specific, Clear, and Convincing Reasons, Supported by the Record for Finding Plaintiff Not Fully Credible**

**A. Alleged Errors by the ALJ**

Plaintiff argues that the ALJ's credibility determination is not supported by substantial evidence. (Joint Stip. at 4.) As a threshold argument, Plaintiff contends

1  that because Plaintiff was just four months short of her 50th birthday at the time of the
2  hearing, and given her work history and GED, in order to qualify for DIB under the
3  Medical Vocational Guideline Rules (GRID rules) 201.12 and/or 201.14, Plaintiff
4  must only establish "that she is limited to no more than sedentary work activity." (*Id.*
5  at 5.) Next Plaintiff argues that the ALJ erred in discounting Plaintiff's credibility
6  regarding the severity of her symptoms based on Plaintiff's ability to engage in
7  activities of daily living, including riding a bicycle for transportation. (*Id.*at 6.)
8  Plaintiff insists that the ALJ failed to properly develop the record on these issues and,
9  in particular, erred by not asking Plaintiff at the hearing about the frequency and
10 distance that she rides her bicycle. (*Id.*)

12 Plaintiff also takes issue with the ALJ finding Plaintiff not fully credible because
13 the "routine and conservative treatment" that Plaintiff received was not what one
14 would expect for a totally disabled person. (*Id.*) Plaintiff maintains that her treatment
15 with multiple prescription narcotic pain medications throughout the relevant time
16 period does not constitute "routine and conservative" treatment. (*Id*. at 7.) Plaintiff
17 also argues that the ALJ erred by not questioning Plaintiff to find out why she did not
18 follow up to obtain physical therapy that was recommended by her treating physician.
19 (*Id.*)

21 Finally, Plaintiff argues that the ALJ committed reversible error by discounting
22 Plaintiff's credibility without stating "specifically which symptom testimony is not
23 credible and what facts in the record lead to that conclusion." (Joint Stip. at 9 (citing
24 *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc).)
25 //
26 //
27 //
28 //

9

### B. The ALJ Properly Determined that the Grid Rules Do Not Apply

Plaintiff argues first that under grid rules, because Plaintiff was near 50 at the time of the ALJ's decision, she only has to establish a limitation to sedentary work in order to qualify for disability benefits. (Joint Stip. at 5.) Defendant responds that the grid rules do not apply here "other than as a framework because the ALJ's RFC fall between the grid rules for Light and sedentary work." (*Id.* at 15 (citing AR 23).)

In the five step evaluative process used to determine disability, the GRIDs are applied at the fifth step of the analysis. *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). However, the grids may not be applicable if the nature of a claimant's impairment does not result in specific exertional limitations. The Ninth Circuit has held that "the grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids." *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999). Here, Defendant, citing 20 C.R.F. pt. 404, Subpart P, Appx. 2, Table 1 (Rule 201.17), argues that the grid rules do not apply because the ALJ's RFC (which Plaintiff does not challenge) "falls between the grid rules for light and sedentary work" and Plaintiff, as a "younger individual," is only disabled based on a limitation to sedentary work if she is illiterate or unable to communicate in English, neither of which is the case here. (Joint Stip. at 15.) The Court finds no error in the failure to find Plaintiff disabled under the grids.

### C. The ALJ's Credibility Determination is Free of Legal Error

The ALJ gave specific, clear and convincing reasons for discounting Plaintiff's testimony. The ALJ cited numerous elements in the objective medical record as the basis for finding Plaintiff's "allegations as to the intensity, duration and functionally limiting effects of her impairments not fully credible." (AR 17-22.)

First, the ALJ explained that she found Plaintiff's allegations of the severity of her impairments less than fully credible because "[d]espite her impairments, [Plaintiff] has engaged in a somewhat normal level of daily activity and interaction." (AR 18.) The "somewhat normal level of daily activity" included Plaintiff's ability to bike, go out alone, and care for her personal hygiene. (*Id.*) The ALJ also pointed to evidence in the medical record that with pain medication, Plaintiff was able to perform her normal activities of daily living. (*Id.*; *see* AR 388 ("Pt get relief with medicine and it helps the patient to carry out activities of daily living"); 390 ("medis [sic] helped her a lot"); and 392 ("pt enjoys her activities of daily life.").) The ALJ concluded that Plaintiff's ability to "participate in such activities diminishes the credibility of the [Plaintiff's] allegations of functional limitations." (AR 18.)

Plaintiff argues that a claimant need not establish "total disability" to qualify for benefits and Plaintiff is correct. (*See* Joint Stip. at 6.) Plaintiff is not required to "vegetate in a dark room." *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). However, the ALJ can, and did, properly find that Plaintiff's ability to participate in activities of daily living – particularly her ability to ride her bicycle for transportation – was inconsistent with Plaintiff's allegations of totally disabling pain. *See e.g., Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Another reason the ALJ gave for discounting Plaintiff's credibility was the fact that Plaintiff had effectively controlled her symptoms with a relatively conservative treatment regimen and not received the type of treatment that would be expected of a totally disabled individual. (AR 18.) Specifically, the ALJ noted that Plaintiff's treatment was primarily in the form of medications, she was never recommended for surgery (Joint Stip. at 7), Plaintiff had not participated in physical therapy, Plaintiff

11

was not seeing a pain management specialist, and, regardless of her reasons for not obtaining more intensive treatment, there was substantial evidence in the record that Plaintiff's two pain medications, Naproxen and Norco, effectively controlled her symptoms (*see, e.g.*, AR 19). For example, the treating notes show that plaintiff reported "significant relief" from analgesics (AR 267) and "gets relief with medicine, [which] helps the patient carry out activities of daily living. . . Patient's mood and speech improves with adequate pain relief" (AR 392). Thus, the ALJ did not err by citing Plaintiff's favorable response to conservative treatment as a reason for discounting Plaintiff's credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008).

Another factor the ALJ considered in discounting Plaintiff credibility was Plaintiff's earnings record, which showed that she had received unemployment benefits from first quarter 2012 through the second quarter of 2013. (AR 194-95, 392.) Plaintiff's continued receipt of unemployment benefits long after her alleged disability onset date of May 23, 2011 is a clear and convincing reason for discounting Plaintiff's testimony because, as the ALJ pointed out, to obtain unemployment benefits, Plaintiff had to certify that she was "willing and able to engage in work activity" and this is inconsistent with her claim of disability. (AR 19); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Continued receipt of unemployment benefits does cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of working."). The ALJ further pointed to Plaintiff's sporadic work history prior to the alleged disability onset date and concluded that her lack of consistent work history raised a question as to whether Plaintiff's "continuing unemployment is actually due to medical impairments." (*Id*.)

Finally, "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is

still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins,* 261 F.3d at 857 (citing 20 C.F.R. § 404.1529(C) (2)). However, in this instance, as noted above, in addition to the discrepancies between Plaintiff's subjective testimony and the medical evidence, the ALJ identified other clear and convincing reasons supported by the record for discounting Plaintiff's subjective complaints, including her continued receipt of unemployment benefits long after the alleged onset, her favorable response to conservative treatment, and her daily activities, which included bicycling for transportation.

In light of the above reasons that the ALJ gave for discounting Plaintiff's credibility, and given the objective medical evidence on which the ALJ relied, along with the inconsistencies in Plaintiff's earning history, the Court finds that the ALJ's decision that Plaintiff's statements about the severity of her symptoms and limitations were not fully credible was supported by specific, clear and convincing reasons and substantial evidence in the record. *See Perkins v. Astrue,* 535 F. Supp.986, 993 (C.D. CA 2008) (finding ALJ gave specific, clear and convincing reasons for discounting claimant's credibility) (internal citation omitted).

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

## CONCLUSION

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is AFFIRMED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for Plaintiff and for Defendant.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

DATED: December 12, 2016

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE